UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GREGORY MAROTTA,

                        Plaintiff,

  -v-                                          No. 05 Civ. 10688 (LTS)(HBP)

PALM MANAGEMENT CORPORATION;
PALM ONE RESTAURANT; ALFRED L.
THIMM, JR.; ALBINO SERPAGLI;
ANTHONY BARATTA; JOHN DOES 1-10;
JANE DOES 1-10; ABC CORPS. 1-10,

                        Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION

This action arises out of a violent attack allegedly perpetrated by Anthony Baratta upon Plaintiff Gregory Marotta ("Plaintiff") at Palm One, a New York City restaurant, on New Year's Eve, December 31, 2003. Plaintiff's first amended complaint ("Complaint") asserts New York state common law claims for premises liability and negligent hiring, retention, training and supervision of staff, as well as a New York state statutory claim pursuant to Section 11-101 of New York's General Obligations Law, commonly known as the "Dram Shop Act." N.Y. Gen. Obl. § 11-101. The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332. Certain defendants moved to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for a more definite statement and to strike certain

matters from the Complaint, pursuant to Federal Rules of Civil Procedure 12(e) and 12(f).[1]  The Court referred the motion to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("Report") pursuant to Federal Rule of Civil Procedure 72.  Judge Pitman issued a Report recommending that Defendant Palm Management Corporation's motion to dismiss Plaintiff's claims be denied, and that Defendant's alternative applications for a more definite statement of Plaintiff's claims and to strike matters from the Complaint also be denied (docket entry no. 30).  Defendant Palm Management filed timely objections to the Report (docket entry no. 31), and Plaintiff filed a response to Defendant's objections, without making any objections of its own (docket entry no. 33).

When reviewing a Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006).  The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382

---

[1] Plaintiff named Palm Management Corporation, Palm One Restaurant, Alfred L. Thimm, Jr., Albino Serpagli, Anthony Baratta, and various unidentified parties as defendants in the Complaint.  All named defendants, with the exception of Baratta (who has not appeared in this action), jointly moved for dismissal of the claims against them (docket entry no. 19).  Plaintiff subsequently agreed to withdraw his claims against Thimm and Serpagli (Report 8-9) and has not objected to Defendants' proffer that "Palm One Restaurant" is "a non-existent entity" (Def's Mot. to Dismiss 6).  Palm Management Corporation ("Defendant") is therefore treated as the sole moving defendant for the purposes of this Memorandum Opinion and Order.

(W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Objections to a report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The Court will not repeat here the Report's thorough recitation of the factual and procedural history of this case, as familiarity with the Report is assumed. Defendant's specific objections to the Report are as follows: (1) the Report incorrectly concluded that the factual allegations in the Complaint plausibly make out a claim for premises negligence liability; (2) the Report *sua sponte* and erroneously found that Plaintiff had stated a viable common law cause of action based on the negligent hiring, retention, training, or supervision of a servant; and (3) the Report improperly inferred facts supporting the requisite "visible intoxication" element of Dram Shop Act liability. Defendant has not raised any objections to the Report's recommended denials of the alternative motions for a more definite statement and to strike matters from the Complaint. The Court adopts the Report's recommendations with respect to the alternative motions and, for the reasons set forth below, also adopts the Report's recommended denial of Defendant's motion to dismiss Plaintiff's premises liability and Dram Shop Act claims. The Court grants Defendant's motion to dismiss Plaintiff's claim for negligent hiring, retention, training, or supervision.

## DISCUSSION

With respect to Plaintiff's premises liability claim, under New York law the harmful act giving rise to the claim must be reasonably foreseeable to the defendant: "[a]n owner

or occupier of land has a legal duty to exercise reasonable care under the circumstances to maintain his or her premises in a reasonably safe condition.  That duty includes taking minimal precautions to protect members of the public from *reasonably foreseeable* criminal acts of third parties." Schaeffer v. Vera Wang Bridal House, Ltd., 64 F. Supp. 2d 286, 292 (S.D.N.Y. 1999) (internal citations omitted and emphasis added).  Defendant Palm Management contends in its objections that Plaintiff has failed to allege in the Complaint subsidiary facts to plausibly plead the foreseeability of Baratta's assault (Def's Obj. 3-4).  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Plaintiff has alleged that Baratta was visibly intoxicated, speaking loudly, and behaving in an obnoxious manner (Compl. ¶¶ 27, 29, 30), which if accepted as true, may have given rise to a duty on Defendant's part to take precautions.  Contrary to Defendant's assertion that Baratta's assault was so extraordinary as to be unforeseeable, the Report properly concluded that these allegations in Plaintiff's complaint "provide a sufficient basis to render plausible [P]laintiff's claim that the staff should have aware of the need to take precautions."  (Report 18.)

       Defendant makes two additional objections regarding the Report's consideration of Plaintiff's premises liability claim.  First, Defendant contends that Judge Pitman relied on an "improper speculative presumption." (Def's Obj. 5.)  Defendant asserts that Judge Pitman presumed that Defendant's employees observed Baratta and were aware of his behavior, in order to conclude that Baratta's subsequent violent act was foreseeable.  However, Defendant's objection misreads the Report's observation.  The Report states that *Plaintiff* "allege[d] that Palm One's staff observed Baratta and was aware that he was behaving in a potentially dangerous manner, which, if proven, could support an inference of foreseeability." (Report 20; see Compl. ¶ 120.)  The Report merely adopts as true Plaintiff's allegations in the Complaint, as it must on a

motion to dismiss, City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986), and thus it did not rely on any improper assumption of its own to reach its conclusion.

Defendant also argues that the Report erred by relying on Dollar v. O'Hearn, 248 A.D.2d 886, 670 N.Y.S.2d 230 (3d Dep't 1998), to support its foreseeability determination while "critically omit[ting] the accidental nature of the injury risk held reasonably foreseeable" in Dollar. (Def's Obj. 6.)  In Dollar, the court affirmed a denial of the defendant hotel operator's summary judgment motion after a guest who was injured at a private hotel event sued for damages.  The plaintiff had been injured when a number of intoxicated guests fell on the dance floor and caused a "chain reaction." Dollar, 248 A.D.2d at 886.  The crux of Defendant's objection is that the risks of accidental injury and injury caused by criminal conduct are materially distinguishable.  Defendant argues that the court's reasoning in Dollar regarding "the risk of accidental injury actually supports the implausibility of violent criminal conduct being reasonably foreseeable in the (arguably more innocuous) circumstances detailed." (Def's Obj. 6.)

The court's reasoning in Dollar, however, is not as constrained as Defendant would have it; nothing in Dollar suggests that the resulting injury must be accidental rather than intentional to fall within the realm of foreseeability.  Dollar merely stands for the proposition that certain drunken behavior could sufficiently "raise a question of fact whether Defendant should have been aware" that a "potentially dangerous situation existed, and if so, whether Defendant breached its duty to exercise adequate supervision and control over its patrons' behavior." Dollar, 248 A.D.2d at 887.  The Court concludes that the Report's citation to Dollar thus clarifies, rather than distorts, the proper analysis of the instant premises liability claim.  However, the Court considers *de novo* whether Baratta's criminal act, at this stage, may be viewed as sufficiently foreseeable to survive Defendant's motion to dismiss.

In Maysonet v. KFC, Nat'l Mgmt. Co., 906 F.2d 929 (1990), the Second Circuit discussed the foreseeability element of premises liability for a third party's criminal act under New York law as follows: "The criminal act of a third person may also be reasonably foreseeable – thereby casting the owner of the premises in liability towards invitees – if the third person acts in such a manner that an ordinarily prudent person would believe he poses a risk of harm." Id. at 931. In Maysonet, the plaintiff was stabbed by a panhandler while waiting in line at a Kentucky Fried Chicken restaurant. The plaintiff asserted a premises liability claim, alleging that the restaurant's employees had not taken proper action to safeguard the patrons from a person he characterized as "a harasser, a trespasser, and disturber of the peace, from the minute he walked in." Id. In affirming summary judgment for the defendant, the Second Circuit distinguished between cases involving sudden and unexpected acts of violence from those in which employees are on notice of a third party's "violence propensities" that render the third party's subsequent violent acts foreseeable. Id. at 932 (citing, e.g., Shank v. Riker Restaurants Assoc., 222 N.Y.S.2d 683 (1st Dep't 1961) (holding that patron's acts of "drop-kicking" a glass and cursing gave sufficient notice to employees), German-Bay v. Nat'l Railroad Passenger Corp., 703 F.2d 54 (2d Cir. 1983) (holding that third-party's intoxication alone did not provide defendant sufficient notice)). Plaintiff has pleaded that Baratta acted in a loud and obnoxious manner at a New Year's party in which alcohol was being served. As stated in the Report, the complaint "need not demonstrate precisely how a particular incident was foreseeable." (Report 19, citing Greenfield v. Suzuki Motor Co., 776 F. Supp. 698 (E.D.N.Y. 1991).) At the motion to dismiss stage, Plaintiff is not in the position, nor required, to allege with further specificity the extent of Defendant's employees' knowledge of Baratta's behavior prior to the assault. (In the above-cited cases, the plaintiffs had benefitted from partial or full discovery, which allowed the courts to determine, on

motions for summary judgment, the extent of the employees' notice of a particular assailant's behavior.)  In light of "the minimal burden imposed on a plaintiff pleading a claim of negligence, and drawing all inferences in plaintiff's favor" (Report 20-21), the Court concurs in the Report's conclusion that Plaintiff has sufficiently stated a claim for premises liability to survive a motion to dismiss.

Turning to Plaintiff's  negligent hiring, retention, training, or supervision claim, the Report found that Defendant failed to address this claim and thus summarily recommended denying the motion to dismiss it (Report 21).  Defendant objects that in fact it did address this cause of action in its briefing papers.  Although Defendant's treatment of the claim was sufficiently vague to be overlooked in the Report, the Court will consider *de novo* whether the Complaint sufficiently states a claim for negligent hiring, retention, training, or supervision.

When an employee acts negligently within the scope of his or her employment, liability may attach to the employer under a vicarious liability theory (in this instance, premises liability).  Karoon v. New York City Transit Auth., 241 A.D.2d 323, 324 (1st Dep't 1997).  Conversely, liability for negligent hiring, retention, training or supervision typically arises only when an employee acts outside of the scope of his employment and vicarious liability cannot obtain.  Higazy v. Millennium Hotel and Resorts, 346 F. Supp. 2d 430, 454 (S.D.N.Y. 2004), *rev'd on other grounds*, Higazy v. Templeton, 505 F.3d 161 (2d Cir. 2007), Lee v. J.B. Hunt Transport, Inc., 308 F. Supp. 2d 310, 312 (S.D.N.Y. 2004) ("Under New York law, claims for negligent hiring, supervision or retention are generally not permitted when the agency relationship necessary for *respondeat superior* is established.").  For example, the employer could be held liable if it had knowledge of an employee's violent propensities and did not take steps to prevent those propensities from harming the public.  Higazy, 346 F. Supp. 2d at 454.

Here, Plaintiff has not sufficiently pleaded a cause of action against Defendant for negligent hiring, retention, training, or supervision, because Plaintiff has not pleaded that the actions (or negligent omissions) giving rise to the claim occurred outside the scope of the employees' duties as such.

Plaintiff's factual allegations do not suggest that Defendant's employees at any time acted outside their normal course of duties.  Rather, Plaintiff avers that they performed these duties negligently.  (Compl. ¶¶ 117-20.)  Plaintiff's allegation that Defendant "knew, or in the exercise of reasonable care, should have known," that its "agents, employees, and/or servants procured, sold, or assisted in supplying defendant Baratta with alcohol when he was visibly intoxicated" (Compl.  ¶¶ 117-20), supports a claim under a *respondeat superior* theory but not under a theory that depends upon employees acting outside the scope of their employment.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim of negligent hiring, retention, training, or supervision.

Defendant's final objection asserts that the Report incorrectly concludes that Plaintiff has sufficiently pleaded a plausible claim for Dram Shop Act liability.  Specifically, Defendant argues that the Report relies on "a remarkably low proof standard for establishing the 'visibly intoxicated' element in Dram Shop Act liability." (Def's Obj.  9.)  Defendant also asserts that the Report confuses evidence with mandatory allegations and "erroneously suggests that the pleading standard is met through formulaic or bald averment of the element(s) of a cause of action."  (Def's Obj. 10.)  Defendant argues that only the "familiar symptoms of motor impairment or slurred speech, or even glassy or red eyes, and gaze nystagmus" could sufficiently evince "visible intoxication."  (Def's Obj. 10.)  Yet the case Defendant cites for that proposition, Romano v. Stanley, 684 N.E.2d 19 (1997), merely lists those symptoms as among those that, at

the summary judgment stage, could be sufficient to create a genuine issue of material fact as to whether a person was visibly intoxicated. Defendant cites no authority to rebut the common sense conclusion that allegations of an individual acting loudly and obnoxiously, and yelling "Happy New Year" to strangers, in a restaurant serving alcohol on New Year's Eve, could also support an inference of "visible intoxication." Moreover, as properly stated in the Report, "[w]hether a patron is visibly intoxicated is an issue of fact." (Report 12.) The Court agrees with the Report's conclusion that "given the increased use of alcohol that occurs among many segments of the population on New Years Eve, there is nothing inherently implausible about a restaurant patron getting drunk on that evening, and, therefore, no requirement that the 'subsidiary facts' discussed in <u>Twombly</u> be alleged." (Report 14.) Accordingly, the Court concludes that Plaintiff has sufficiently pleaded a claim under the Dram Shop Act.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report's recommendation that Defendant's motion to dismiss be denied as to Plaintiff's claims for premises liability and Dram Shop Act liability. The Court also denies Defendant's alternative motions for a more definite statement and to strike certain matters from the Complaint. The Court grants Defendant's motion to dismiss with prejudice Plaintiff's claim for negligent hiring, retention, training, and supervision. Plaintiff's claims against individual defendants Thimm and Serpagli are deemed withdrawn and are dismissed without prejudice. Plaintiff's claims against "Palm One Restaurant" are dismissed as moot in light of the uncontroverted proffer that no such legal entity exists. The case remains referred to Magistrate Judge Pitman for general pre-trial management. The parties shall meet promptly with Magistrate Judge Pitman to discuss settlement and any

outstanding trial preparation matters. This Order resolves docket entry no. 19.

SO ORDERED.

Dated:     New York, New York
           February 25, 2009

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge